IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

JEFFERY DAVID MOORE,

        Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

        Defendant.

Case No. 15-CV-74-CVE-FHM

## REPORT AND RECOMMENDATION

Plaintiff, Jeffery David Moore, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's July 28, 2011, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held August 19, 2013. By decision dated September 25, 2013, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on December 16, 2014. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 47 years old on the alleged date of onset of disability and 52 on the date last insured.  He has an associates degree and formerly worked as a machine operator.  He claims to have been unable to work since March 1, 2007 as a result of chronic obstructive pulmonary disease (COPD), status post inguinal hernia repair, status post surgery for hammertoes, and manipulative problems with his left hand due to remote partial finger amputation.

## The ALJ's Decision

The ALJ determined that from the alleged onset, March 1, 2007, through the date last insured, December 31, 2012, Plaintiff had the residual functional capacity (RFC) to perform a range of light work as defined in 20 C.F.R. § 404.1567, except that he must avoid concentrated exposure to such things as dust, fumes, gases, odor, and poor ventilation. He must have air conditioning and heat in a work environment and must avoid wetness. [R. 24].

Although Plaintiff is unable to perform his past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ failed to properly evaluate all of his medically determinable impairments throughout the sequential evaluation process and the RFC assessment was legally flawed and not supported by substantial evidence.

## Analysis

### Evaluation of Impairments

#### Obesity

Plaintiff argues that the ALJ erred because he did not mention Plaintiff's obesity and did not assess the "impact obesity had on [his] functioning in combination with his other impairments," as required by *Social Security Ruling* (SSR) 02-1p, 2002 WL 34686281. [Dkt. 14, p. 6]. The undersigned finds no error in the ALJ's failure to address Plaintiff's obesity. Plaintiff did not allege disability on the basis of obesity. Breathing difficulties and hernia were the reasons Plaintiff listed as limiting his ability to work. [R. 144, 177]. At the hearing Plaintiff's attorney did not point to obesity as resulting in any limitations, [R. 39], nor did Plaintiff refer to obesity as limiting. Further, although Plaintiff's height and weight were mentioned in the medical record, none of the medical sources mentioned any

3

functional limitations with respect to Plaintiff's weight. Plaintiff states that obesity added stress to his lungs which were affected by COPD, but did not point to any record evidence to support that statement. The undersigned finds that Plaintiff has failed to meet the burden of showing that obesity resulted in any limitations not already considered in the RFC. *See* 20 C.F.R. § 404.1512(c)(requiring the claimant to provide medical evidence showing how an impairment affects functioning during the time the claimant claims to be disabled).

### Partially Amputated Fingers

Plaintiff's argument that the ALJ failed to properly address his alleged hand impairment and incorporate related restrictions into the RFC has merit. Consultative examiner, Dr. Patton, found that Plaintiff had good grip strength, but has mostly ineffective opposition of his fingers to his thumb on the left hand. [R. 195]. He also found Plaintiff could manipulate small objects with his right hand only. [R. 198]. The ALJ made no mention of these findings, did not include any hand limitations in the RFC, and found that Plaintiff's hand problem was not a severe impairment. An impairment is defined as "severe" within the meaning of the Commissioner's regulations if it significantly limits an individual's ability to perform basic work activities. An impairment is not severe when it would have not more than a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1520(c), 416.920(c), 404.1521, 416.921. The undersigned finds that mostly ineffective opposition of fingers to the thumb on the left hand and an inability to manipulate small objects with the left hand are impairments that significantly limit the ability to perform basic work activities.

In the usual case, once an ALJ finds that a claimant has at least one severe impairment, a failure to designate others as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps "consider[s] the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. §§ 404.1521, 416.921; *see also* 20 C.F.R. §§ 404.1525(e), 416.945(e); *Mariaz v. Sec'y of Health & Human Servs.*, 857 F.2d 240, 244 (6th Cir. 1987), *Brescia v. Astrue*, 2008 WL 2662953 (10th Cir). In this case, however, the ALJ's decision does not demonstrate that there was any consideration of Plaintiff's hand impairment because there is no discussion of it aside from the finding that it was not severe. The ALJ found that Plaintiff's loss of his fingertips had not interfered with his ability to do work like activities in the past. [R. 23]. This finding was made without any reference to the requirements of Plaintiff's past work, which the record reflects required only gross and not fine manipulative tasks. [R. 167-170]. In addition, the ALJ made no mention in the decision of Dr. Patton's findings about Plaintiff's left hand.

The vocational expert's testimony demonstrates the error was not harmless. The vocational expert was cross-examined by Plaintiff's counsel about whether the ability to perform fine manipulation with the left hand would eliminate the jobs identified. [R. 68-69]. The vocational expert essentially stated he would need to know whether Plaintiff could not do fine manipulation at all, or whether the frequency was the problem. He stated if someone cannot do any fine manipulation, even occasional, there would be issues. [R. 69]. The issues were not identified. The ALJ asked Plaintiff's counsel if he needed to ask another question, but counsel moved on to another topic. *Id.* The cross examination of

the vocational expert was ineffective to determine the extent to which Plaintiff' left hand problems affect the jobs identified.  That problem could have been cleared up at the hearing by either the ALJ or Plaintiff's counsel, but was not.  Regardless, in light of Dr. Patton's finding that Plaintiff cannot effectively manipulate oppose fingers and thumb on the left hand, cannot manipulate small objects with his left hand, and the vocational expert's testimony, the undersigned finds that the ALJ's conclusion that Plaintiff's hand impairments were not severe is not supported by substantial evidence and his failure to address hand impairments in the RFC or explain why they were discounted requires remand.

## RFC Finding

Plaintiff challenges the ALJ's finding that he could perform the walking and standing of light work with his COPD.  Plaintiff argues in favor of a different interpretation of the evidence and a different conclusion by pointing out information within the medical record which might arguably support a conclusion different from the one reached by the ALJ.  However, to establish error on appeal, the Plaintiff must do more than show that the evidence could support a finding of disability.  To establish error, the Plaintiff must show that the evidence is so overwhelming that no reasonable ALJ would fail to make the finding Plaintiff asserts is proper.  Absent such a showing, the court is bound by the determination made by the ALJ as the finder of fact.  "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive [.]"  42


U.S.C. § 405(g).[2] The undersigned finds that Plaintiff has pointed out the existence of contrary evidence in the record, but not the absence of substantial evidence to support the ALJ's RFC finding.

## Conclusion

The undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be REVERSED and the case be REMANDED for further evaluation as discussed herein.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before April 27, 2016.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real*

---

[2] *See also Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007)(on appeal court reviews only sufficiency of evidence, not its weight); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (court may not reweigh evidence and displace agency choice between two fairly conflicting views, discussing meaning of substantial evidence); *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994) (evidence is insubstantial if it is overwhelmingly contradicted by other evidence).

*Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).  Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 13th day of April, 2016.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE