UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

JEFFREY DAVID MOORE, )
)
        **Plaintiff,** )
)
v. ) Case No. 15-CV-0074-CVE-FHM
)
CAROLYN W. COLVIN, )
**Acting Commissioner, Social** )
**Security Administration,** )
)
)
        **Defendant.** )

## OPINION AND ORDER

Before this Court is the Report and Recommendation (Dkt. # 20) of Magistrate Judge Frank H. McCarthy recommending that the Court reverse the decision of the Commissioner of the Social Security Administration denying plaintiff Social Security disability benefits and remand the case for further consideration. Defendant has filed an objection (Dkt. # 21) to the report and recommendation and seeks affirmance of the Commissioner's decision, arguing that the Administrative Law Judge (ALJ) committed no error in evaluating the severity of plaintiff's left hand impairment and resulting limitations. Plaintiff responds that the magistrate judge correctly concluded that the ALJ's decision should be reversed and the matter remanded for further consideration of the severity of plaintiff's hand impairment and for re-evaluation of plaintiff's residual functional capacity (RFC). Dkt. # 22.

**I.**

On July 20, 2011, plaintiff protectively filed an application for Title II disability benefits. Dkt. # 11, at 24. Plaintiff's application stated that he suffered from various physical impairments

that left him unable to work, including breathing difficulties and a hernia. Id. at 147. Plaintiff's claims were denied initially on January 12, 2012, and again upon reconsideration on July 25, 2012. Id. at 24. Plaintiff requested a hearing before an ALJ and that hearing was held on August 19, 2013. Id.

Plaintiff appeared at the hearing via video conference and was represented by an attorney. Id. Plaintiff was 52 years old at the time of the hearing and testified that he lived alone in a house. Id. at 43, 45. Plaintiff testified that he had an associate's degree. Id. at 43. Plaintiff testified to a variety of physical complaints, including shortness of breath, a hernia, hearing loss, hammer-toes, plantar warts, and partial amputation of fingers and limited dexterity in his left hand from injuries sustained in a childhood accident. Id. at 44, 47, 52-55. For these ailments, plaintiff took a number of prescription medications. Id. at 50. Plaintiff explained that his shortness of breath caused him difficulty in performing normal day-to-day tasks because he required frequent breaks to allow him to catch his breath. Id. at 48. Plaintiff stated that he had difficulty with routine tasks such as showering, washing dishes, walking to the mailbox, vacuuming, lifting bags of groceries, and mowing his lawn. Id. at 48-49. Plaintiff explained that overexertion caused him to get light headed and dizzy, and that he had previously fainted due to overexertion. Id. at 49, 52.

Plaintiff testified that his hammer-toes and plantar warts caused foot pain that made it difficult for him to stand for long periods of time. Id. at 53. Plaintiff stated that surgery for his hammer-toes helped alleviate some of his foot pain. Id. Plaintiff testified that he experienced pain due to a hernia, which made it difficult for him to sit for extended periods of time. Id. at 54. Plaintiff also testified about injuries to his left hand that he sustained in a childhood accident. Id. Plaintiff explained that he damaged his left hand when it went through a plate glass window,

resulting in dexterity and strength issues. Id. Plaintiff showed his left hand to the ALJ, which revealed that he was missing the fingertips of two fingers. Id. at 55. Plaintiff explained that he suffered from poor circulation in his fingers, had difficulty picking up items, and generally had limited feeling in the affected fingers on his left hand. Id. at 54-55.

On September 25, 2013, the ALJ entered a written opinion finding the plaintiff not disabled. Id. at 33-34. The ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. Id. at 26. The ALJ found that plaintiff had severe impairments affecting his ability to work, including chronic obstructive pulmonary disease (COPD), status post inguinal hernia repair, status post-surgery for hammer-toes. Id. The ALJ further found that these impairments or combination of impairments were not equivalent to one of those listed in 20 C.F.R., Part 404, Subpart P, Appendix 1. Id. The ALJ formulated plaintiff's RFC, taking into account the medical evidence and testimony. Id. at 27. The ALJ determined that the plaintiff could perform light work as defined in 20 C.F.R. § 404.1567(b), and could occasionally lift and/or carry up to 20 pounds, could frequently lift and/or carry up to 10 pounds, could stand and/or walk for 6 hours in an 8-hour workday, and could sit for at least 6 hours in an 8-hour workday, but should avoid concentrated exposure to dust, fumes, gases, and odors. Id. The ALJ also found that plaintiff required work areas with proper ventilation, heat, and air conditioning, and could not work in wet areas. Id.

Considering plaintiff's RFC, the ALJ found that plaintiff was unable to perform any past relevant work as a machine operator, but found that plaintiff could perform other occupations existing in significant numbers in the national economy. Id. at 32. These occupations included information clerk, mail sorter, and stock clerk. Id. at 33. He concluded by stating that plaintiff "was

capable of making a successful adjustment to other work that existed in significant numbers in the national economy" and finding that plaintiff was not disabled. Id.

On December 16, 2014, the Appeals Council denied plaintiff's request for review of the ALJ's decision. Id. at 4. Plaintiff thereafter sought judicial review, arguing that the ALJ erred by failing to properly evaluate all of plaintiff's medically determinable impairments and in his formulation of plaintiff's RFC. Dkt. # 14, at 5. The Court referred this case to the magistrate judge, who entered a report and recommendation recommending that the Court reverse the ALJ's decision for further consideration of plaintiff's left hand impairment and the resulting functional limitations. Dkt. # 20. Defendant has objected to the report and recommendation, asserting that the ALJ committed no error in evaluating plaintiff's left hand impairment and incorporating any limitations into plaintiff's RFC. Dkt. # 21, at 1. Plaintiff responds that the magistrate judge correctly concluded that the ALJ erred in his assessment of plaintiff's left hand impairment and that the matter should be reversed and remanded for further consideration. Dkt. # 22, at 2.

**II.**

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within fourteen days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. FED. R. CIV. P. 72(b).

### III.

The Social Security Administration has established a five-step process to review claims for disability benefits. See 20 C.F.R. § 404.1520. The Tenth Circuit has outlined the five-step process:

> Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." [Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004)]. If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments." *Id.* An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. See 20 C.F.R. § 404.1521. At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." *Allen*, 357 F.3d at 1142. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work. *See id.* Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient residual functional capability to perform other work in the national economy. *See id.*

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).

The Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but, instead, reviews the record to determine if the ALJ applied the correct legal standard and if his decision is supported by substantial evidence. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004). The court must meticulously examine the record as a whole and consider any evidence that detracts from the Commissioner's decision. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

The ALJ decided the case at step five of the analysis, concluding that plaintiff could perform other work existing in significant numbers in the national economy. Dkt. # 11, at 33. Having so decided, the ALJ found plaintiff not disabled and denied his application for benefits. Id. The magistrate judge recommended that the ALJ's decision be reversed and the matter remanded for further consideration because the ALJ erred in his evaluation of the severity of plaintiff's left hand impairment, specifically noting that the ALJ failed to mention evidence from a consultative exam that plaintiff had mostly ineffective opposition of his fingers and could not manipulate small objects with his left hand. Dkt. # 20, at 4. The magistrate judge concluded that the ALJ's erroneous conclusion regarding the severity of plaintiff's hand impairment and failure to incorporate limitations resulting from the hand impairment into plaintiff's RFC required reversal and remand. Id. at 5-6. In her objection, defendant asserts that the ALJ did not err in his evaluation of plaintiff's left hand impairment and that no evidence demonstrates that plaintiff's hand impairment limits his ability to work. Dkt. # 21, at 1. Defendant asks the Court to affirm the ALJ's decision. Id. Plaintiff responds that the magistrate judge correctly concluded that the ALJ erred in his evaluation of plaintiff's left hand impairment and asks the Court to reverse and remand the ALJ's decision for further consideration. Dkt. # 22, at 5.

Defendant asserts that the ALJ properly evaluated plaintiff's hand impairment, and argues that because the majority of the evidence demonstrates that plaintiff's hand impairment does not impose significant work limitations, the ALJ's decision should be affirmed. Dkt. # 21, at 2. A review of the ALJ's decision and the evidence in the record demonstrates that the ALJ did not properly consider whether plaintiff's hand impairment was a severe impairment that imposed

functional limitations. In his decision, the ALJ determined that plaintiff's hand impairment was not severe, stating only that

> [t]he [plaintiff] alleges disability in part because he lost the tips of some of his fingers. However, this has not interfered with his ability to do work like activities in the past. Thus, the undersigned finds that this impairment does not cause more than minimal functional limitation and is not a "severe" impairment at step 2.

Dkt. # 11, at 26. This cursory treatment of plaintiff's hand impairment is insufficient to evaluate its severity, particularly given hearing testimony about plaintiff's limitations based on his hand injury, consultative exam evidence about the nature of plaintiff's impairment, and other objective medical evidence detailing the range of motion that plaintiff has in his left hand. Id. at 54-56, 198, 201. Defendant argues that because plaintiff's past work and other evidence in the record show that plaintiff had no more than minimal functional limitations in his hand, the ALJ's evaluation of plaintiff's hand impairment and subsequent formulation of plaintiff's RFC was not in error based on a failure to include any hand-related impairments. Dkt. # 21, at 2. But, as the magistrate judge noted, the ALJ's finding that plaintiff's hand impairment was not severe because it did not interfere with past work "was made without any reference to the requirements of Plaintiff's past work, which the record reflects required only gross and not fine manipulative tasks." Dkt. # 20, at 5. Although there is some evidence in the record regarding plaintiff's duties in his past employment positions, the ALJ included no such discussion in his decision regarding plaintiff's hand impairment.

If an ALJ concludes that plaintiff has at least one severe impairment, the failure to consider another impairment severe normally does not constitute reversible error. See Carpenter v. Astrue, 537 F.3d 1264, 1266 (10th Cir. 2008) (explaining that an error at step two is harmless when the ALJ proceeds to step three). But the Court concludes that the ALJ's error in evaluating the severity plaintiff's left hand impairment warrants reversal because, as the magistrate judge noted, the ability

to perform fine manipulative tasks was a necessary aspect in the vocational expert's (VE) determination of what jobs plaintiff could perform. Dkt. # 20, at 5; see also Dkt. # 11, at 69-70 (VE discussing need for specific limitation information to determine what jobs plaintiff could perform with hand impairment). Without a proper evaluation of plaintiff's left hand impairment and formulation of plaintiff's RFC with these limitations in mind, the ALJ could not properly assess plaintiff's claim. The ALJ's failure to properly consider the severity of plaintiff's left hand impairment and to properly incorporate resulting limitations into the formulation of plaintiff's RFC constitutes reversible error. The ALJ's decision should thus be reversed and the matter remanded for further consideration of the severity of plaintiff's left hand impairment and the resulting functional limitations as it relates to plaintiff's RFC.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Dkt. # 20) is **accepted**. The Commissioner's decision to deny plaintiff's claim for disability benefits is **reversed and remanded**. A separate judgment is entered herewith.

**DATED** this 9th day of June, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE